# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SANDRA L. CASON,                                              1:16-cv-1080

      Plaintiff,                                    Judge Michael R. Barrett

v.

ANTHEM LIFE INSURANCE COMPANY et al,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on: (1) Defendant Anthem Life Insurance Company's Motion to Dismiss the Complaint and Cross-Claim (Doc. 12); and (2) the Motion to Amend Complaint by Inner Lineation (Doc. 16). The foregoing motions are fully briefed and ripe for disposition.

## I. Factual and Procedural Background

The insured, Michael S. Cason, worked for Spring Street Auto Service, Inc. for approximately thirteen years. In the eight years before the insured became permanently disabled, he participated in his employer's group life insurance plan provided by Anthem Life Insurance Company. The insured designated his wife, Sandra Cason, as the beneficiary of the death benefit. As part of the insured's participation in the insurance plan, he received a copy of the certificate of insurance by Anthem Life.

In February 2006, the insured became permanently disabled. The insured stopped working at Spring Street Auto. The insured's employer, Spring Street Auto, by and through Jerry Cohen, accepted the decedent's resignation, but offered to continue to pay the insurance

premiums for the insured. Cohen continued to pay the premiums until the decedent's death in December 2013.

At no point between the onset of disability and death did the insured apply for a Waiver of Premium. After the insured's death, Plaintiff filed a death benefit claim to Anthem Life. Anthem Life denied the claim because it found the insured ineligible under the plan. The insured failed to meet the active employee requirement and failed to apply for a waiver of premium to continue the life insurance policy throughout the period of total disability.

On November 14, 2016, Plaintiff Sandra L. Cason filed a Complaint (Doc. 1) against Defendant Anthem Life, Defendant Spring Street Auto and Jerry L Cohen alleging that she was harmed by Defendants' failure "to provide either Michael S. Cason or herself with a summary plan description ["SPD"] in accordance with 29 USC § 1022 (b) which would have advises [sic] them [of the] circumstances which may result in disqualification, ineligibility, or denial or loss of the death benefits[.]" (Doc. 1; PageID 4). As a result, "Plaintiff and Michael S. Cason failed to apply for a waiver of premium of the death benefit insurance and justifiably relied upon the fact that Defendant Jerry L. Cohen DBA Spring Street Auto Service and/or Spring Street Auto Service, Inc, had been making premium payments to keep the death benefit insurance in full force and effect." (*Id*. at 4-5).

On January 5, 2017, Defendants Spring Street and Cohen filed their answer, and filed a cross-claim against Defendant Anthem Life. (Doc. 9). Defendant Spring Street and Cohen allege: "If these defendants are liable for damages claimed by the plaintiff, which they specifically deny, then their liability is secondary to the primary liability of defendant, Anthem Life Insurance Company, and they are entitled to indemnity and contribution from Anthem Life Insurance Company." (Doc. 9; PageID 60). In the alternative, Defendant Spring Street and

Cohen argue that, "if it is found that Anthem Life Insurance Company is not required to make payment to the designated beneficiary of Michael S. Cason, Anthem Life Insurance Company should be required to refund and repay any and all premiums paid by these defendants for the death benefits coverage of Michael S. Cason, including interest and costs." (*Id*.)

On January 27, 2017, Defendant Anthem Life filed a motion to dismiss the complaint and cross-claim on the basis that it fails to state a claim on which relief can be granted. (Doc. 12). It argues that "Anthem Life did not have an obligation to provide a[] [summary plan description to Plaintiff or her husband." (Doc. 12; PageID 67). It further argues that "Anthem Life therefore cannot be held liable for contribution for any liabilities Cross-Claimants may bear for their alleged failure to provide an SPD to Plaintiff or her husband." (*Id.*). Furthermore, it argues that "[t]he Certificate of Insurance explains the conditions under which coverage ceases as to a plan participant and the requirements to continue coverage under a Waiver of Premium." Therefore, "Cross-Claimants possessed the information they needed to remedy the ignorance they now claim." (Doc. 12; PageID 72).

## II.     Legal Standard

To succeed on a Rule 12(b)6 motion to dismiss, the movant must show that the complaint failed to include a sufficient factual basis that is plausible on its face and such relief could be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility means that the complaint produced enough facts by which the Court can make a reasonable inference that the defendant is liable for the misconduct in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There is no requirement that the complaint include "detailed factual allegations," but that the complaint provides enough facts for the Court to infer more than a mere possibility of misconduct. *Id*, at 678-679. The court must take all factual allegations as true and in the light

3

most favorable to the Plaintiff. *Severe Records, LLC v. Rich*, 658 F.3d 571 (6th Cir. 2011). A dismissal is proper when it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims which would entitle it to relief. *Hill v. Blue Cross & Blue Shield*, 409 F.3d 710, 716 (6th Cir. 2005) *quoting Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 452 (6th Cir. 2003).

**III.     Analysis**

   **A. Plaintiff's Claim against Defendant Anthem Life**

According to Defendant Anthem Life, Plaintiff's claim against Defendant Anthem Life should be dismissed because she failed to allege that Defendant Anthem Life was the plan administrator, which in turn means Defendant Anthem Life is not subject to statutory penalties for failure to provide the SPD. In opposition, Plaintiff argues that she does not seek statutory penalties for Defendant Anthem Life's failure; she seeks the $15,000 death benefit.

 Under 29 U.S.C. § 1132(c), a plan participant may recover statutory penalties if the plan participant does not receive a summary plan description. Defendant Anthem Life asserts that "it is well established that only plan administrators are liable for statutory penalties under §1132(c)." (Doc. 12) (citing *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 584 (6th Cir. 2002) (citing *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 960 (6th Cir. 2001); *Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 618 (6th Cir. 1992)). Furthermore, the Sixth Circuit has "consistently held that procedural violations [of ERISA] do not give rise to claims for substantive damages." *Sears v. Union Cent. Life Ins. Co.*, 222 Fed. Appx. 474, 479 (6th Cir. 2007).

Here, without admitting that such an allegation was necessary to prevail, Plaintiff concedes that she did not allege that Defendant Anthem Life was the plan administrator. Plaintiff argues

4

that – because she is not seeking statutory penalties against Defendant Anthem Life for failing to provide the SPD – her failure to allege that they were the plan administrator is irrelevant. However, Plaintiff's admission appears to leave her with only one path forward against Defendant Anthem Life, i.e., a claim for substantive damages. This path, however, appears to be barred to the extent that "procedural violations [of ERISA] do not give rise to claims for substantive damages." *Sears*, 222 Fed. Appx. at 479.

Accordingly, Defendant Anthem Life's motion to dismiss, as it relates to the claims Plaintiff asserted against it, is granted.

### B. The Cross-Claims

Defendant Anthem Life construes the cross-claims of Defendants Spring Street and Cohen as seeking indemnification or contribution for any liability they face. (Doc. 12; Page ID 71). To that end, they argue that Defendant Anthem Life had no obligation to provide an SPD to Plaintiff, and "without such an obligation Anthem Life cannot be liable for another's failure to do so." *(Id.) (citing Zell v. Klingelhafer*, No. 2:13-CV-00458, 2014 U.S. Dist. LEXIS 176796, at *22 (S.D. Ohio Dec. 23, 2014) ("[T]o acquire a right to indemnification, a co-defendant must be at fault for causing [the plaintiff's] injuries.")

However, the Court does not construe Plaintiff's Complaint as exclusively pursuing the theory articulated by Defendant Anthem Life. Furthermore, the Sixth Circuit appears to have "recognized a limited right of action under federal common law for equitable restitution of mistaken payments." *Laborers Pension Tr. Fund-Detroit & Vicinity v. Interior Exterior Specialists Constr. Grp., Inc.*, 394 F. App'x 285 (6th Cir. 2010). Defendant Anthem Life's briefing does not address the potential applicability of the federal common law right. Accordingly, the Court declines to dismiss the cross-claims at this juncture.

## IV. CONCLUSION

Consistent with the above, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss (Doc 12).

Furthermore, the Court **GRANTS** Plaintiff's Motion to Amend (Doc. 16) for the purpose of correcting the Complaint's lineation.

A status conference is set for April 10, 2018 at 11:30 a.m.

**IT IS SO ORDERED.**

                                                                  *s/ Michael R. Barrett*
                                                                   Hon. Michael R. Barrett
                                                                   United States District Judge